UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL E. ANDERSON,
an individual,

                                       Case No.:

      Plaintiff,

v.

REALPAGE, INC. d/b/a
LEASINGDESK SCREENING,
a Foreign Profit Corporation,

      Defendant.

_____/

**PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION**

Plaintiff, Michael E. Anderson, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Jon P. Dubbeld, Esq. as Lead Counsel for Plaintiff.

**COMPLAINT**

**COMES NOW**, Plaintiff, Michael E. Anderson (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sue Defendant, REALPAGE, INC., d/b/a LEASINGDESK SCREENING (hereinafter, "Realpage" or "Defendant"), In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

1.     This is an action brought by an individual consumer for damages for Defendant's violations the Fair Credit Reporting Act, 15 United States Code, Section

1

1681 *et seq.* (hereinafter, the "FCRA") wherein Defendant improperly credit-reported erroneous and fictitious information belonging to an unrelated third-party on Plaintiff's personal consumer credit reports and credit file as maintained by Defendant.

## JURISDICTION, VENUE & PARTIES

2.  Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

3.  Defendant is subject to the jurisdiction of this Court, as Defendant regularly transacts business in this District.

4.  Venue is proper in this District as Defendant regularly conducts business in this District, and the acts and transactions described herein occur in this District.

5.  At all material times herein, Plaintiff is a natural person residing in Florida.

6.  At all material times herein, REALPAGE does business in this District.

## FCRA STATUTORY STRUCTURE

7.  Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

8.  Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible*

*accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

9.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

10.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

11.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

12.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed

3

information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

13.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

14.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.  *Id.* at § o.

### GENERAL ALLEGATIONS

15.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is  allegedly obligated to pay a debt.

16.     At all material times herein, Defendant, itself and through its

4

subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Florida.

17. At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

18. Defendant disburses such consumer reports to third parties under contract in return for monetary compensation.

19. At all material times herein, Defendant acts themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20. All necessary conditions precedent to the filing of this action occurred, or Defendant voluntarily waived the same.

## FACTUAL ALLEGATIONS

21. In December 2025, Plaintiff traveled to Florida with the intent on securing a residential lease with an apartment complex.

22. As such, Plaintiff applied to 1818 Park ("Park") and Soleste NoMi Beach ("Soleste") apartment complexes.

23. Both Park and Soleste required Plaintiff to execute a criminal background check with Realpage, which he did.

5

24. In response, Realpage furnished a criminal background check indicating that Plaintiff had committed a felony burglary in 2017 in Pasco County.

25. Plaintiff has never even been arrested, yet committed a felony burglary in Pasco County.

26. As a result of the inaccurate report, on December 19, 2025, Park denied Plaintiff's lease application citing "[r]ejected due to criminal background."

## DAMAGES

27. Plaintiff was denied renting an apartment at Park.

28. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay their attorneys a reasonable fee for their services.

29. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

30. Additionally, as a result of Defendant's actions, Plaintiffs suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite never being arrested, he would not be able to secure an apartment.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

31. Realpage is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

32. Realpage willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

33. Between December 16, 2025 and the date of this Complaint, Realpage generated and published Plaintiff's credit report to Plaintiffs' creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

34. As a result of Realpage's conduct, actions, and inactions, Plaintiff was denied a residential lease with Park.

35. Realpage's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

36. Realpage's violations of 15 United States Code Section 1681e(b),

constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiffs to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Realpage for violations of the FCRA;

b.     Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages in an amount to be determined at trial;

e.     An award of attorney's fees and costs; and

f.     Any other such relief the Court may deem proper.

<b>DEMAND FOR JURY TRIAL</b>

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
Jon P. Dubbeld, Esq., FBN 105869
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 727-755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
jcowan@swift-law.com
jmurphy@swift-law.com

8

*Counsel for Plaintiff*

9